IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CANAL INSURANCE COMPANY,

        Plaintiff,

v.                                        CIVIL ACTION NO. 2:06-0004

GUYAN RIVER TRANSPORT, INC.,
GILBERT LUMBER COMPANY, INC.,
JOHN KENNELLY and JUDY KENNELLY,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the motion to dismiss of the defendants, John and Judy Kennelly (moving defendants). For the reasons set forth herein, the motion is **DENIED**.

**I.
Factual Allegations and Procedural Background**

On June 30, 2005, the moving defendants, John and Judy Kennelly, filed a complaint in the Circuit Court of Mingo County, West Virginia. The allegations in that suit arise out of a traffic accident involving Mr. Kennelly. In the state court complaint, Mr and Mrs. Kennelly state that at the time of the accident Mr. Kennelly was the driver of a tractor trailer owned by his employer, Defendant Guyan River Transport, Inc. (Guyan River) and was hauling wood chips for Defendant Gilbert Lumber Company, Inc. (Gilbert). The Guyan River owned vehicle Mr. Kennelly was driving

at the time of the accident was insured by Plaintiff Canal Insurance Company (Canal). The state court complaint alleges that the tractor trailer Mr. Kennelly was driving was overloaded by Gilbert and exceeded its weight limits. Additionally, the complaint alleges that the power steering in the vehicle was not operating safely. Mr. Kennelly brought a cause of action against his employer, Guyan River, for deliberate intent and failure to provide a reasonable and safe place to work in violation of West Virginia Code §23-4-2. Mrs. Kennelly alleges a derivative cause of action for loss of consortium. Additionally, a claim is alleged against Gilbert for failure to maintain a safe working condition.

On January 11, 2006, the plaintiff filed the instant action requesting this Court to declare that the plaintiff has neither a duty to defend nor to indemnify Guyan River in connection with Mr. and Mrs. Kennelly's underlying state court action. The plaintiff argues that Guyan River's Canal basic automobile insurance policy did not afford coverage for the deliberate intent cause of action alleged by Mr. Kennelly in the state court complaint. In response, the moving defendants, Mr. and Mrs. Kennelly have filed the instant motion to dismiss. They maintain that Canal is merely trying to avoid a decision in the state court action as to the coverage issue.

## II.
## Analysis

This Court has discretionary authority to entertain plaintiff's declaratory judgment action. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). In *First Fin. Ins. Co. v. Crossroads Lounge, Inc.*, 140 F. Supp. 2d 686 (S.D.W. Va. 2001), this Court discussed the factors, as established in *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321 (4th Cir. 1937) and *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371 (4th Cir. 1994), a district court should consider when deciding whether or

-2-

not to hear a declaratory judgment action. According to the court in *Quarles*, a declaratory judgment should not be used "to try a controversy by piecemeal, or to try particular issues without settling the entire controversy, or to interfere with an action which has already been instituted." *See Crossroads Lounge*, 140 F. Supp. 2d at 690-91 (citing *Quarles*, 92 F.2d at 324). In addition to these factors, the court in *Nautilus* added the following considerations: 1) the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in the state courts; 2) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; 3) whether permitting the federal action to go forward would result in unnecessary "entanglement" between the federal and state court systems because of overlapping issues of fact or law; and 4) whether the declaratory judgment action is being used merely as a device for procedural fencing. *See Nautilus*, 15 F.3d at 377.

**A.     Applying *Aetna Casualty & Surety, Co. v. Quarles***

The issue in this case is the plaintiff's alleged duties to defend and indemnify its insured in connection with the underlying state court proceeding. As stated earlier, the Fourth Circuit expressed a preference not "to try a controversy by piecemeal, or to try particular issues without settling the entire controversy, or to interfere with an action which has already been instituted." *Quarles*, 92 F.2d at 325. In *Crossroads Lounge*, this Court adopted "a flexible, case-by-case, and party-oriented definition of controversy–a definition which might not necessarily sweep in every question that arises from the common nucleus of operative facts present in any related state cases." *Crossroads Lounge*, 140 F. Supp. 2d at 692. Furthermore, this Court stated that when "questions presented by the declaratory judgment complaint circumscribe the entire controversy between the

declaratory plaintiff and the declaratory defendants, *Quarles* will normally resolve in favor of retention of the federal action." *Id.*

In the present case, the "controversy" between the plaintiff and the defendants is whether the plaintiff has a duty to indemnify or defend Guyan River in the state court proceeding. Additionally, to the extent that Gilbert is entitled to contractual indemnification from Guyan River, the plaintiffs asks this Court to find that its insurance policy with Guyan River does not apply. The plaintiff is not a party in the underlying state court action, and there are no issues between the plaintiff and the declaratory judgment defendants to be tried in that action. Moreover, the questions presented by plaintiff's declaratory judgment action circumscribe the entire controversy between the plaintiff and the declaratory defendants. Finally, because the coverage/contract issues raised in the declaratory judgment action are distinct from the tort issues raised in the underlying state action, the pendency of this action will not result in undue interference with the state action.

Accordingly, this Court **FINDS** that retaining jurisdiction over this case would be consistent with the guidelines set out in *Quarles*.

**B.** **Applying *Nautilus Insurance Co. v. Winchester Homes, Inc.***

**(a)** **West Virginia's Interest**

According to *Nautilus*, in deciding whether to hear a declaratory judgment action, the court should consider the strength of the state's interest in deciding the issues raised in the federal declaratory judgment. *See Nautilus*, 15 F.3d at 377. Such consideration raises two issues: the state's interest in deciding issues of state law and an out-of-state party's interest in a federal forum. *See Mitcheson v. Harris*, 955 F.2d 235, 237 (4th Cir. 1992). In reconciling these interests, the Fourth

Circuit has consistently followed the rule "that the state's interest, while important, is diminished if the state-law issues are not novel, unsettled, difficult, complex, or otherwise problematic." *Crossroads Lounge*, 140 F. Supp. 2d at 69.  Here, the central issues are whether Guyan River's basic automobile coverage with the plaintiff afforded coverage for the deliberate intent cause of action alleged in the state court and whether the plaintiff under its insurance policy with Guyan River has an obligation to provide a defense or indemnity to Guyan River for its indemnification of Gilbert.  The plaintiff contends and the moving defendants do not provide any argument to the contrary that the state-law issues at bar in this case are "not novel, unsettled, difficult, complex, or otherwise problematic."  *Id*.

Based on the above, the Court **FINDS** that the issues to be resolved in plaintiff's declaratory judgment action involve legal questions that are neither novel, unsettled, difficult, complex, nor otherwise problematic.  Therefore, the Court **FINDS** that this factor does not weigh against this Court retaining jurisdiction.

### (b)  Efficiency

The *Nautilus* court described the inquiry a district court should use to weigh the relative efficiencies of deciding the action in federal or state court:

> [T]he Supreme Court has directed us to focus primarily on "whether the questions in controversy between the parties to the federal suit ... can better be settled in the proceeding[s]" that are already "pending in the state court[s]." *Brillhart*, 316 U.S. at 495.  This in turn requires careful inquiry into "the scope of the pending state court proceeding[s]," including such matters as "whether the claims of all parties in interest [to the federal proceeding] can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, [and] whether such parties are amenable to process in that proceeding."  *Id.*

*Nautilus*, 15 F.3d at 378-79.

The moving defendants argue that because the applicability of the exclusion claimed by the plaintiff is a fact-intensive determination and will be decided on the same facts and evidence involved in the underlying state court action, judicial economy and the convenience of the courts mandate that these two actions not proceed contemporaneously. In response, the plaintiff argues that resolution of the exclusion issues can be more efficiently undertaken in this forum because the plaintiff is not a party to the underlying state action and the issues necessary for resolution of the federal claim are not before the state court.

As stated earlier, the issue before this Court is the applicability of the plaintiff's insurance policy, not the factual and legal issues presented in the underlying state action. Moreover, the plaintiff is not a party to the state court action. Therefore, the Court **FINDS** that this Court can decide the issues involved in the declaratory judgment action more efficiently than the state court.

### (c)     Overlapping Issues of Fact or Law and Unnecessary Entanglement

When a plaintiff brings a declaratory action to resolve a duty to defend or indemnify an insured in a controversy already the subject of a state court proceeding, there will be overlapping issues of fact or law between the state and federal actions. *See Mitcheson*, 955 F.2d at 239. In the present case, however, the issues of law and fact to be decided are not being litigated by the same parties in the underlying state court action. As stated the only issues before this Court are whether the insurance policy provided by the plaintiff to Guyan River provides coverage for the claims alleged in the underlying state court proceeding. The Court's resolution of that question will have no bearing on the questions of liability pending in the state court proceeding. Therefore, the Court

**FINDS** there is minimum entanglement between the federal declaratory judgment action and the underlying state court case.

### (d)     Procedural Fencing

The final *Nautilus* factor to be considered is "whether the declaratory judgement action is being used merely as a device for 'procedural fencing.'" *Nautilus*, 15 F.3d at 377. The defendants argue that the plaintiff brought the instant action merely as a way of forum shopping. In support of their contention, the moving defendants state that there "state tort law claims were already filed and underway when Canal hurriedly filed this declaratory action naming the same parties from the underlying state court action as defendants in this action."

Case law suggests that separate declaratory judgments on coverage issues are "not uncommon" and are "traditionally resolved" in cases like the one at bar where different issues have been raised in the state and federal court. *See Crossroads Lounge*, 140 F. Supp. 2d at 700. While it is clear that the plaintiff filed this matter subsequent to the filing of the related state court action, this fact alone is insufficient to support the moving defendants' "forum shopping" argument. Therefore, the Court **FINDS** that this factor does not favor against this Court retaining jurisdiction.

### III. Conclusion

After considering the factors discussed in *Quarles* and *Nautilus*, as outlined in *Crossroads Lounge,* the Court **FINDS** that it has jurisdiction over the plaintiff's declaratory judgment action. Based upon the Court's determination that it has jurisdiction to hear plaintiff's declaratory judgment action, the Court **DENIES** the motion of John and Judy Kennelly to dismiss.

The Court **DIRECTS** the Clerk to send a copy of this Written Opinion and Order to counsel of record and any unrepresented parties.

    ENTER:    May 24, 2006

    _____
    ROBERT C. CHAMBERS
    UNITED STATES DISTRICT JUDGE